DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6569
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
E-Mail: joshua.sliker@jacksonlewis.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>NATURE'S VALUE, INC., RICHARD PERSAUD, and DOES 1 THROUGH 20,<br><br>  Defendants. | Case No.: 2:18-cv-370-RFB-GWF<br><br>**STIPULATION AND ORDER REGARDING DEFENDANTS' SUBPOENA DUCES TECUM ISSUED TO AT&T MOBILITY AND MOTION TO QUASH SUBPOENAS (ECF NO. 24)** |

Defendants Nature's Value, Inc. and Richard Persaud ("Defendants"), by and through their counsel of record, Jackson Lewis P.C., and Interested Parties Amber Breen, Ian Breen, and Fuller Enterprises USA, Inc. ("Fuller") (together, the "Fuller Parties") (collectively, Defendants and the Fuller Parties shall be referred to as the Parties), by and through their counsel of record, Rempfer Mott Lundy, PLLC and Michael Aaron Harwin, P.C., hereby stipulate as follows:

1.    On or about August 9, 2018, Defendants served a subpoena *duces tecum* seeking certain information and records from AT&T Mobility, LLC regarding cellular telephone numbers (760) 448-0550 and (562) 277-8442 (the "Subpoena"). ECF No. 24, pp. 79-82.

2.    Amber Breen is the subscriber (account holder of record) for both telephone numbers.

3.    Ian Breen uses the 8442 number to conduct business in his capacity as Vice President of Fuller. He also uses the number to conduct his personal affairs.

4.      The 0550 number was used by Plaintiff during her employment with Fuller, from October 5, 2016 to March 20, 2018, and was provided to Plaintiff by Fuller for business use.

5.      On August 29, 2018, the Fuller Parties filed a Motion to Quash the Subpoena (ECF No. 24).

6.      Subsequently, Defendants and the Fuller Parties met and conferred regarding the Subpoena, and have reached an agreement that Defendants will withdraw the Subpoena.

7.      The Parties further agree that Defendants may serve a revised subpoena *duces tecum* upon AT&T Mobility in the form attached hereto as **Exhibit 1**.

8.      The Fuller Parties do not object to the production of the documents and information called for in Exhibit 1.

9.      Based on the Parties' agreement, the Fuller Parties withdraw their Motion to Quash the Subpoena (ECF No. 24), and consent to AT&T Mobility, LLC producing the information detailed in Exhibit 1.

10.     The Parties also request that the Court vacate the hearing on the Fuller Parties' Motion to Quash scheduled for Wednesday, October 24, 2018 at 9:30 a.m.

Dated this 9th day of October, 2018.

JACKSON LEWIS P.C.                           MICHAEL AARON HARWIN, P.C.

/s/ Joshua A. Sliker                                    /s/ Michael A. Harwin
Joshua A. Sliker, Bar No. 12493            Michael A. Harwin, *Admitted Pro Hac Vice*
3800 Howard Hughes Parkway, Ste. 600   239 North Church Avenue
Las Vegas, Nevada 89169                       Tucson, Arizona 85701
*Attorneys for Defendants*

Joseph N. Mott, Bar No. 12455
Scott E. Lundy, Bar No. 14235
REMPFER MOTT LUNDY, PLLC
10091 Park Run Drive, Ste. 200
Las Vegas, Nevada 89145
*Attorneys for Interested Parties*

**IT IS SO ORDERED.**

Dated: _10/10/2018_                          _George Foley Jr._
                                                      U.S. MAGISTRATE JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an employee Jackson Lewis P.C. and that on this 9th day of October, 2018, I caused to be sent via electronic filing, a true and correct copy of the above and foregoing **STIPULATION AND ORDER REGARDING DEFENDANTS' SUBPOENA DUCES TECUM ISSUED TO AT&T MOBILITY AND MOTION TO QUASH SUBPOENAS (ECF NO. 24)** properly addressed to the following:

| | |
|---|---|
| Joel Selik<br>Selik Law Offices<br>1050 Indigo Drive<br>Suite 112<br>Las Vegas, Nevada 89145<br>joel@seliklaw.com<br>*Attorneys for Plaintiff* | MICHAEL AARON HARWIN, P.C.<br>Michael A. Harwin<br>239 North Church Avenue<br>Tucson, Arizona 85701<br>*Attorneys for Interested Parties* |
| Steven J. Parsons<br>LAW OFFICES OF STEVEN J. PARSONS<br>10091 Park Run Dr., Ste. 200<br>Las Vegas, Nevada 89145<br>steve@sjplawyer.com<br>*Attorneys for Plaintiff* | Joseph N. Mott, Bar No. 12455<br>Scott E. Lundy, Bar No. 14235<br>REMPFER MOTT LUNDY, PLLC<br>10091 Park Run Drive, Ste. 200<br>Las Vegas, Nevada 89145<br>*Attorneys for Interested Parties* |
| Samuel A. Clemens<br>Anna R. Yum<br>GILLEON LAW FIRM<br>1320 Columbia Street<br>Suite 200<br>San Diego, California 92101<br>sam@gilleonlawfirm.com<br>ayum@annayumlaw.com<br>*Attorneys for Plaintiff* | |

/s/ Joshua A. Sliker_____
Employee of Jackson Lewis P.C.

# EXHIBIT 1

# EXHIBIT 1

**Revised Subpoena Duces Tecum to AT&T Mobility, LLC**

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| Jane Doe | ) | |
| *Plaintiff* | ) | Civil Action No.   2:18-cv-00370-RFB-GWF |
| v. | ) | |
| | ) | |
| Nature's Value, Inc., Richard Persaud | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records of AT&T Mobility, LLC, c/o Registered Agent, The Corporation Trust Company of Nevada
701 South Carson Street, Suite 200, Carson City, Nevada 89701

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE ATTACHED EXHIBIT A

| Place:   Jackson Lewis P.C. | Date and Time: |
|---|---|
| 3800 Howard Hughes Parkway, Suite 600<br>Las Vegas, Nevada 89169 | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
Richard Persaud and Nature's Value, Inc._____ , who issues or requests this subpoena, are:
Joshua A. Sliker, 3800 Howard Hughes Pkwy, Ste. 600, Las Vegas, NV 89169  (702) 921-2460

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:18-cv-00370-RFB-GWF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

### I.  DEFINITIONS

A. The term "document" or "documents" encompasses any electronic, written or paper material in your possession, under your control, available at the request of any of your agents or attorneys and includes without limitation any written or graphic matter of every kind or description, however produced or reproduced, whether in draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, correspondence, memoranda, notes, records, business records, photographs, tape or sound recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, desk calendars, reports, computer records, data compilations of any type or kind, or materials similar to any of the foregoing, however denominated and to whomever addressed. "Document" or "documents" shall exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, characters, impressions, or any marks thereon.

B. Nothing herein shall be construed as calling for the production of the content of any stored communication(s) as defined by 18 U.S.C § 2510 or 18 U.S.C. § 121.

### II.  DOCUMENTS AND COMMUNICATIONS TO BE PRODUCED

A. Please produce the following documents regarding cell phone number 760-448-0550 for the period of time between 09/25/2017 and 10/05/2017:

1. Subscriber information for the above listed numbers, including financially responsible party, billing address, features and services and equipment.

2. Historical call detail records.

3. Tower locations.

4. All call originations, call terminations, call attempts, voice and text message transactions, including push to talk, data communications, SMS and MMS communications, and voice communications, including the originating and receiving phone numbers or network IDs for all incoming and outgoing call transactions, data transactions and push to talk sessions.

5. The IMEI, IMSI or other equipment or handset identification information for the target phone number, if known.

6. The time stamps / time zones of the records.

7.  A legend and definition for any and all abbreviations used in the reports provided.

8.  An explanation of how to read the call detail records.

B.  To the extent not already provided, please produce the following documents regarding cell phone number 760-448-0550 for the period of time between 09/25/2017 and 09/30/2017:

1.  Subscriber information for the above listed numbers, including financially responsible party, billing address, features and services and equipment.

2.  Historical call detail records.

3.  Tower locations.

4.  All call originations, call terminations, call attempts, voice and text message transactions, including push to talk, data communications, SMS and MMS communications, and voice communications, including the originating and receiving phone numbers or network IDs for all incoming and outgoing call transactions, data transactions and push to talk sessions.

5.  The IMEI, IMSI or other equipment or handset identification information for the target phone number if known.

6.  Beginning and ending switch and cell site / tower identifiers for each call, SMS MMS and data transmission, including the location information and azimuth for the tower and sector used for the call.

7.  A complete table of cell towers / cell site information for all cell towers / cell sites in the LAC, NEID or service area and or for all switches used, active at the time period for the call detail records requested. This shall include:

    a.  cell tower location information including latitude and longitude

    b.  cell tower / cell site designation information / identification numbers

    c.  information for each cell site sector including azimuth.

    d.  equipment type used at the cell site, i.e. Lucent or Nortel, etc.

    e.  Even though the tower location information is in the call detail records, this subpoena also requests a list of cell tower locations with the latitude, longitude of each tower, the sector azimuth and the beam width, if known, for the time period covered, in comma delimited or Excel format, for every tower referenced in the call detail records responsive to this subpoena.

8. All precise measurement data such as PCM Data, e-911 location data, REVEAL data, RTT data, NELOS data and or any other data recorded for the time period that will provide additional location data.

9. The time stamps / time zones of the records.

10. A legend and definition for any and all abbreviations used in the reports provided.

11. An explanation of how to read the call detail records.

1. All precise measurement data such as PCM Data, e-911 location data, REVEAL data, RTT data, NELOS data and or any other data recorded for the time period that will provide additional location data.

2. The time stamps / time zones of the records.

3. A legend and definition for any and all abbreviations used in the reports provided.

4. An explanation of how to read the call detail records.

C. Please produce the following documents regarding cell tower locations within a four mile (4) mile radius of 3708 S Las Vegas Blvd, Las Vegas, Nevada 89109 that were actively in service between 09/25/2017 to 09/30/2017.

    1. LAC, CID, Latitude, Longitude, Sector Azimuth, and Horizontal Beam width if known.

    2. Any records or information indicating whether any cell towers in the search area were undergoing maintenance or out of service during the specified time period.

D. In your response to this subpoena, please indicate whether there is any data loss due to the time difference between the date of the receipt of this subpoena and the time period requested, and if so, a detailed description of what data is not recoverable versus what data would be recoverable based on the carrier's retention period for call detail records.

Please provide responsive materials on a CD or flash drive, or send them via secure email to: joshua.sliker@jacksonlewis.com. To the extent possible, please provide all responsive data in both Adobe PDF format and Microsoft Excel format (.TXT or .CSV format).